# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### September 20, 2000 Session

## DENLEY RENTALS, LLC, ET AL. v. HOWARD C. ETHERIDGE, ET AL.

### An Appeal from the Chancery Court for Shelby County
### No. 99-0099-3    D.J. Alissandratos, Chancellor

### No. W2000-00189-COA-R3-CV - Filed July 11, 2001

This case involves the assignability of a chose in action. The plaintiffs are two related limited liability companies and the person who was the owner/manager of both. The owner/manager contracted to purchase real property from the defendants, and later assigned his interest under the contract to one of the limited liability companies. The first limited liability company closed the transaction with the defendants. After the transaction was closed, the first company discovered a landfill located on the property that had not been disclosed by the defendants. The first company then transferred the property to the second limited liability company for *de minimis* consideration. The owner/manager of both companies made a "mental assignment" of the chose in action from the first company to the second company, and the second company incurred the cost of clearing the landfill debris. The plaintiffs jointly sued the defendants for breach of contract, fraud, and misrepresentation. The trial court dismissed the suit, holding that there was not a valid assignment of the chose in action, that the first company was precluded from recovery because it suffered no damages, and that the second company was precluded from recovery because it took the property with full knowledge of the defect. On appeal, we reverse and remand, finding that the chose in action was validly assigned.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Julie C. Bartholomew, Somerville, Tennessee, for the appellants, Denley Rentals, LLC, Berryhill Pointe, LLC, and Robert J. Denley.

Matthew S. Russell, Memphis, Tennessee, for the appellees, Howard C. Etheridge and Estate of Selma O. Etheridge.

**OPINION**

This case involves the assignability of a chose in action. In April 1997, Plaintiff/Appellant Robert J. Denley ("Denley") contracted to purchase 26.4 acres of real property in Shelby County, Tennessee, from Howard C. Etheridge and Selma O. Etheridge[1] ("Sellers") for $800,000. Denley assigned his rights and duties under the purchase contract to Denley Rentals, LLC, ("Denley Rentals"), which is owned by Denley and his wife. On April 6, 1998, the transaction was closed and the Sellers conveyed the property by warranty deed to Denley Rentals.

The parties have stipulated to the pertinent facts. In June 1996, less than one year before the Sellers agreed to convey the property to Denley, the Sellers authorized another person to fill a pond located on the property with land-clearing debris collected from an off-site location. The Sellers did not disclose this fact to Denley, and the landfill was not obvious from a visual inspection of the property. Under Administrative Rule 1200-1-7-.02(1)(b)(1), promulgated by the Tennessee Department of Health and Environment, the Sellers were required to obtain a permit in order to dump the off-site debris on their property. Had the Sellers obtained the required permit, Denley would have discovered the existence of the landfill in a title search before conveyance of the property. The Sellers were aware at the time they agreed to sell that Denley intended to develop the property into a residential subdivision.

In June 1998, Denley Rentals discovered the existence of the landfill. The debris in the landfill had to be removed from the property in order for the land to be developed as planned. On July 22, 1998, Denley Rentals conveyed the property by quitclaim deed to Berryhill Pointe, LLC, which is 80% owned by Denley Rentals, LLC and 20% owned by Garland Denley, Jr., Robert Denley's brother. Robert Denley is the manager of both Denley Rentals and Berryhill Pointe, and has authority to bind both companies contractually. Berryhill Pointe paid $10 consideration in exchange for the quitclaim deed, and Berryhill Pointe had full knowledge of the landfill located on the property. Berryhill Pointe incurred $99,798.57 in cleanup costs, interest charges of $16,512.04 due to construction delays, and lost profits in excess of $10,000 due to the Sellers' failure to disclose the existence of the landfill.

On February 3, 1999, Denley Rentals, Berryhill Pointe, and Denley ("Plaintiffs") filed suit against the Sellers for breach of contract, fraud, and negligent misrepresentation. A one day bench trial was held on December 14, 1999. The only issue at trial was whether Denley Rentals made a valid assignment to Berryhill Pointe of its chose in action against Sellers when it executed the quitclaim deed on July 22, 1998.

At trial, Denley testified that he transferred the property from Denley Rentals to Berryhill Pointe in order to include his brother in the development project. He denied transferring the property to Berryhill Pointe in order to get money for cleanup of the landfill. Denley said that he had intended to transfer the property to Berryhill Pointe before he discovered the landfill.

---

[1] Selma O. Etheridge is now deceased.

When Denley, acting on behalf of Denley Rentals, executed the quitclaim deed to Berryhill Pointe, Denley testified that he, as manager of Denley Rentals, assigned to Berryhill Pointe any right of recovery that Denley Rentals had against the Sellers for their failure to disclose the existence of the landfill. He acknowledged that the assignment was not in writing. When asked if it was an oral assignment, Denley responded "No, sir. I'm not in the real habit of talking to myself." He acknowledged that it was a "mental assignment." Denley testified that Denley Rentals did not agree to indemnify Berryhill Pointe should Berryhill Pointe recover nothing from the Sellers.

The Sellers argued at trial that the assignment of the chose in action was invalid because Berryhill Pointe paid no consideration to Denley Rentals. In the alternative, they argued that Denley and Denley Rentals suffered no damages because Berryhill Pointe incurred the cleanup costs, and Berryhill Pointe cannot recover because it took the property with full knowledge of the existence of the landfill.

On January 24, 2000, the trial court entered a written order dismissing the Plaintiffs' case. The trial court found that there was no assignment of a chose in action against the Sellers from Denley Rentals to Berryhill Pointe. As a conclusion of law, the order states that the Sellers had breached their duty to disclose the landfill's existence, and consequently had unclean hands. However, it found that Denley and Denley Rentals were not damaged by the Sellers' breach and that Berryhill Pointe was precluded from recovery because it took the property with knowledge of the landfill. From this order, the Plaintiffs now appeal.

On appeal, the Plaintiffs argue that the trial court erred by finding no valid assignment of a chose in action from Denley Rentals to Berryhill Pointe. In the alternative, Plaintiffs contend that if there was not a valid assignment, then the trial court erred in finding that Denley Rentals suffered no damages.

An appeal from a bench trial is reviewed *de novo*, with a presumption of correctness in the trial court's findings of fact. *See* Tenn. R. App. P. 13d. Questions of law are reviewed *de novo* with no presumption of correctness. ***See Ridings v. Ralph M. Parsons Co.***, 914 S.W.2d 79, 80 (Tenn. 1996).

The parties dispute whether the trial judge made a finding of fact that Denley never made an assignment of the chose in action, or whether he ruled as a matter of law that the "mental assignment" was not valid. In the record before this Court, there is no evidence to contradict Denley's testimony that he made a "mental assignment" of the chose in action from Denley Rentals to Berryhill Pointe. The Sellers assert that the trial court was free to discredit Denley's testimony even if there was no countervailing proof. While this assertion is true, the trial court made no finding that Denley lacked credibility. Consequently, we must conclude that the trial court ruled as a matter of law that any "mental assignment" of the chose in action by Denley was invalid.

Therefore, we must review *de novo* whether such an assignment is valid, as a question of law. A chose in action is assignable under Tennessee law. ***See Ford v. Robertson***, 739 S.W.2d 3, 5

(Tenn. Ct. App. 1987). A chose in action may be assigned orally or in writing, for valuable consideration. *See Jackson Bros. v. Harpeth Nat'l Bank*, 12 Tenn. App. 464, 1930 WL 1721, at *4 (Tenn. Ct. App. 1930).[2]

Neither party has cited to this Court any prior Tennessee cases determining whether a single individual authorized on behalf of two separate legal entities may make a "mental assignment" of a chose in action from the first entity to the second. In this case, it is undisputed that Denley is the manager of both companies and has authority to bind them contractually. Under the peculiar circumstances of this case, we see no reason why such a "mental assignment" should be deemed per se invalid. Therefore, under the facts presented here, we hold that such a "mental assignment" may be valid.

The assignment of a chose in action is considered to be a contract, and, as with any contractual agreement, it must meet requisites such as mutual assent and consideration. *See Hutsell v. Citizens Nat'l Bank*, 64 S.W.2d 188, 190 (Tenn. 1933). For a "mental assignment" by a single individual, mutual assent is undisputed. In addition, neither of the parties to the assignment assert that the agreement is invalid due to lack of consideration. Under *Anderson v. Hacks Crossing Partners*, 3 S.W.3d 482, 486 n.2 (Tenn. Ct. App. 1999), a third party such as the Sellers may not challenge the validity of a contract on the basis of lack of consideration if the parties to the bargain are satisfied with their exchange. *Hacks Crossing*, 3 S.W.3d at 486, n.2 (citing *Tri-Star Pictures, Inc. v. Leisure Time Prods.*, 749 F. Supp. 1243, 1250 (S.D.N.Y. 1990)). Therefore, the assignment is not invalid due to lack of consideration.

Finally, we must determine whether the causes of actions at issue here are legally assignable. The claims asserted are for breach of contract, fraud and negligent misrepresentation. A chose in action for breach of contract, if not purely personal in nature, is legally assignable. *See Can Do, Inc. v. Manier, Herod, Hollabaugh & Smith*, 922 S.W.2d 865, 867 (Tenn. 1996). Therefore, Denley Rentals's chose in action for breach of contract was assignable.

Regarding the choses in action for fraud and negligent misrepresentation, a tort action involving injury to property is usually assignable, while a tort action involving personal injury, injury to reputation, and emotional injury is not assignable. *See id. See also* 6 Am. Jur. 2d Assignments § 70 (1999). The court may also consider whether there are any public policy considerations that would mitigate against the assignability of the chose in action. *Can Do*, 922 S.W.2d at 867-68.

In this case, the allegations of fraud and negligent misrepresentation involve injury to property, rather than injury to the person. The appellees assert no public policy considerations mitigating against the assignability of such choses in action. Under these circumstances, we find that

---

[2] *In re Arctic Air Conditioning, Inc.*, 35 B.R. 107, 109 n.3 (Bankr. E.D. Tenn. 1983), notes that Tennessee cases holding that a chose in action may be orally assigned predate Tennessee's adoption of Article 9 of the Uniform Commercial Code, which requires that security interests be in writing. *See* Tenn. Code Ann. § 47-9-203 (Supp. 2000). Berryhill Pointe does not claim to have a secured interest in Denley Rentals's right of recovery against the Sellers; therefore, the prior cases holding that a chose in action may be orally assigned are valid precedent.

Denley Rentals could legally assign the choses in action for fraud and negligent misrepresentation to Berryhill Pointe. Therefore, Denley's "mental assignment" to Berryhill Pointe of Denley Rentals's choses in action for breach of contract, fraud, and negligent misrepresentation to Berryhill Pointe was valid. Accordingly, the decision of the trial court, holding that there was no assignment of a chose in action from Denley Rentals to Berryhill Point, must be reversed.

The decision of the trial court is reversed and the cause remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to the appellees, Howard C. Etheridge and the estate of Selma O. Etheridge, and their surety, for which execution may issue if necessary.

_____

HOLLY KIRBY LILLARD, JUDGE