**In re GENERAL TIME CORPORATION, GTC Properties, Inc., Debtors.**

**General Time Corporation, Plaintiff,**

**v.**

**Schneider Atlanta, L.P., Defendant.**

**Bankruptcy Nos. 01–68893–CRM, 01–68894–CRM.**
**Adversary No. 03–6315.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 9, 2005.

James C. Cifelli, Stuart F. Clayton, Jr., Laura E. Woodson, Lamberth, Cifelli,

Stokes & Stout, PA, Atlanta, GA, David A. Newby, McCarthy, Duffy, Neidhart & Snakard, Chicago, IL, for Debtors.

Gregory D. Ellis, Atlanta, GA, pro se.

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT UNDER 11 U.S.C. §§ 547(b), 547(c)(1) and 547(c)(2)**

C. RAY MULLINS, Bankruptcy Judge.

This matter is before the Court on General Time Corporation's (hereinafter "Plaintiff" or "GTC") Motion for Partial Summary Judgment under 11 U.S.C. § 547(b) and Schneider Atlanta, L.P.'s (hereinafter "Defendant" or "Schneider") Cross Motion for Summary Judgment under 11 U.S.C. §§ 547(c)(1) and (c)(2). The Court, having considered the pleadings and affidavits submitted by the parties, hereby denies Plaintiff's Motion for Partial Summary Judgment and grants Defendant's Cross Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## FACTS

Defendant and Plaintiff maintained a landlord/tenant relationship pursuant to a lease entered into between GTC and Schneider's predecessor on December 31, 1981. Under the terms of the lease, the rental obligations were to be paid on a monthly basis by the first day of the month. Until June of 2001, Plaintiff was current on its obligations under the lease. However, according to the testimony of David M. Brooks, Defendant's Asset Manager, it was not uncommon for Plaintiff to make rental payments after the first of the month.

Plaintiff failed to make the June 2001 rental payment by June 1 as required by the lease. After June 1, 2001, Defendant contacted Plaintiff via telephone to inquire about the status of the June payment. During this conversation, the possibility of a wire transfer from the Plaintiff was addressed, even though the parties dispute which one of them suggested this payment method. Additionally, on June 21, 2001, Defendant sent Plaintiff a demand letter requesting that Plaintiff pay the rental obligation of $24,132.35, utility expenses of $1,804.11, and interest accrued by wire transfer before June 25, 2001. This letter included specific instructions about the proposed wire transfer.

On July 9, 2001, Plaintiff filed its voluntary chapter 11 petition. On June 29, 2001, ten days prior to the filing of the petition, Plaintiff electronically transferred $26,851.46 into Defendant's account. This amount was equivalent to the value of the rental obligation, utility charges, and late fees for the month of June 2001. On July 7, 2003, Plaintiff filed a complaint against Defendant seeking to avoid and recover preferential transfers in excess of $75,000.00 pursuant to 11 U.S.C. §§ 547(b), 550, and 551. On August 5, 2003, Defendant filed its answer asserting affirmative defenses under 11 U.S.C. §§ 547(c)(1) and (c)(2). On December 8, 2003, Plaintiff moved for Partial Summary Judgment as to the June 29, 2001 electronic transfer in the amount of $26,851.46 on grounds it was a preference under section 547(b). On January 9, 2004, Defendant objected to Plaintiff's Summary Judgment Motion and filed its Cross Motion for Summary Judgment under section 547(c)(1) and (c)(2).

## DISCUSSION

Summary judgment is authorized when all the pleadings, depositions, answers to interrogatories, admissions on file, and af-

fidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In assessing whether there is a "genuine issue" for trial, the court must consider all the evidence and factual inferences reasonably drawn from the evidence in a light most favorable to the nonmoving party. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 850 (11th Cir.2000).

More specifically, if under the substantive law the moving party bears the burden of proof at trial, it must demonstrate that for each essential element of its *prima facie* case or affirmative defense no reasonable jury could find for the nonmoving party. *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1437 (11th Cir.1991). Once the moving party shows that it is entitled to judgment as a matter of law, the nonmoving party must come forward with significant, probative evidence demonstrating the existence of a material issue of fact which precludes summary judgment. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. However, it is not enough for the nonmoving party to rely solely on its pleadings. The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court is not obligated to deny summary judgment for the moving party when the evidence favoring the nonmoving party is merely colorable or not significantly probative. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

Section 547(b) provides that a debtor in possession may avoid any transfer made by the debtor if it was (i) to or for the benefit of a creditor; (ii) for or on account of an antecedent debt owed by the debtor before the transfer was made; (iii) made while the debtor was insolvent; (iv) made on or within 90 days before the petition was filed; and (v) enables the creditor to receive more than it would under chapter 7 if the transfer had not been made. 11 U.S.C. § 547(b) (2004). The parties agree that the June 29, 2001 transfer meets each of these elements, thereby satisfying Plaintiff's *prima facie* case against Defendant under section 547(b). However, Defendant contends that even though Plaintiff has put forth a *prima facie* case under section 547(b), it is entitled to summary judgment based on affirmative defenses under sections 547(c)(1) and (c)(2).

**I. Exchange of New Value Defense under 11 U.S.C. § 547(c)(1).**

Under section 547(c)(1), a debtor in possession can not avoid a transfer to the extent that the transfer was intended by the debtor and the creditor as a contemporaneous exchange for new value and was in fact a substantially contemporaneous exchange between the parties. 11 U.S.C. § 547(c)(1)(2004). A party asserting an affirmative defense under section 547(c)(1) has the burden of showing each of the following by a preponderance of the evidence: (i) the value the creditor received from the debtor by the payment is equal to the value that the debtor received in exchange for the payment or there is new value exchanged between the parties; (ii) both the creditor and debtor intended for the exchange to be contemporaneous; and (iii) the exchange of payment for value given was substantially contemporaneous. *Id. See also Ellenberg v. Plaid Enterprises, Inc. (In re T.B. Home Sewing Enterprises, Inc.),* 173 B.R. 790, 795–97 (Bankr. N.D.Ga.1993)(J. Cotton). Here, the record shows that each of these elements are

present, and Defendant is entitled to summary judgment as a matter of law.

A. *There was an Exchange of "New Value" between Plaintiff and Defendant.*

■ The first element under section 547(c)(1) requires that Defendant show that there was an exchange of "new value" between the parties. "New value" is defined under the Code as

> money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation. 11 U.S.C. § 547(a)(2)(2004).

Defendant contends that the wire transfer on June 29, 2001 constitutes "new value" because the payment, which equals the amount that Plaintiff owed Defendant for the June rent plus applicable utility charges and late fees, was in exchange for Defendant allowing Plaintiff to remain on the premises during the month of June. However, Plaintiff argues that no "new value" was created through the wire transfer because forbearance from exercising lease rights does not create "new value" under section 547.

■ The Eleventh Circuit has determined that forbearance, or the act of refraining from enforcing a right, obligation, or debt by a creditor, cannot be treated as "new value" under section 547. *Am. Bank of Martin County v. Leasing Serv. Corp (In re Air Conditioning, Inc.),* 845 F.2d 293, 298 (11th Cir.1988). See also *In re RDM Sports Group, Inc.,* 250 B.R. 805 (Bankr.N.D.Ga.2000) (holding that lessor failed to establish a "new value" defense because its act of calling off sheriff's sale of personal property was forbearance and not "new value"). However, Defendant's position is not that the new value requirement is satisfied by its forbearance to terminate the lease upon default, but instead that "new value" was created by the exchange of the rental payment for Plaintiff's occupancy of the premises during the month of June.

Most courts addressing this issue have held that where a debtor is a lessee on an unexpired real property lease, "new value" is created by the debtor's right to continue a leasehold estate in exchange for the rental payment. *Coco v. Eli Haddad Corp. (In re Coco),* 67 B.R. 365 (Bankr.S.D.N.Y. 1986); *Brown v. Morton (In re Workboats),* 201 B.R. 563 (Bankr.W.D.Wash. 1996) (holding that debtor's continued occupancy of building despite delinquency of rent payments constituted "new value" extended by the landlord). The rationale is that an unexpired lease on real property is treated as an executory contract under section 365 of the Code, and therefore as each month comes up under the lease the lessee becomes obligated anew for that individual month's rent. *Armstrong v. General Growth Development Corp. (In re Clothes, Inc.),* 35 B.R. 489, 491 (Bankr. N.D.1983). In return, the lessor becomes obligated to provide the lessee with the leasehold for that month. *Id.* Therefore, the payment of current rent is premised upon current consideration and is therefore an exchange of "new value" between the parties. *Id.* See also *Carmack v. Zell (In re Mindy's Inc.),* 17 B.R. 177, 178–79 (Bankr.S.D.Ohio 1982).

Here, there is no dispute that the monetary value of the wire transfer includes the monthly rental obligation, the monthly utility fee, and the assessed late fees for June 2001 as provided for under the lease agreement. The funds transferred on June 29, 2001 were in exchange for Plain-

tiff's continuing occupancy of the premises throughout June. The fact that the funds were wired after a telephone conversation between the parties addressing Plaintiff's failure to make the June payment when it came due further supports this argument. The evidence shows that Plaintiff acted in response to this conversation between the parties, which indicates that the parties intended the wired funds to be applied to June's rental obligations. Thus, "new value" was created between the parties by Plaintiff's right to continue a leasehold estate on the premises in exchange for the wired funds.

B. *Plaintiff and Defendant Intended for the Exchange to be Contemporaneous.*

■ In addition to proving "new value" was exchanged, Defendant has to establish that both the debtor and creditor intended the exchange in question to be contemporaneous. 11 U.S.C. § 547(c)(1)(2004). When addressing whether parties intend for an exchange to be contemporaneous, courts consider whether the evidence shows a manifestation of desire between the parties that the exchange be a contemporaneous grant of money or money's worth in goods, services, credit, or property to the debtor. *Everlock Fastening Systems, Inc. v. Health Alliance Plan (In re Everlock Fastening Systems, Inc.),* 171 B.R. 251, 255 (Bankr.E.D.Mich.1994).

The evidence before this Court supports a finding that the parties intended the exchange to be contemporaneous. Plaintiff made the payment in exchange for occupancy of the premises during the month of June. There is no indication that Plaintiff intended for the payment to serve as anything other than the rental obligation for June 2001. Again, the fact that the value of the transfer was equal to the amount owed for June 2001 confirms that the parties intended the nature of the transaction to be a contemporaneous exchange of rental payments for continuation of the leasehold estate by Plaintiff.

C. *The Exchange between Plaintiff and Defendant was "Substantially Contemporaneous."*

■ Where there is a time lapse between the exchange of value as in this case, courts must inquire into whether the exchange was "substantially contemporaneous" under section 547. The Eleventh Circuit has not established a *per se* rule whereby the exchange of value must be made within a set time period to qualify as "substantially contemporaneous." Instead, courts consider the individual circumstances of each case. Some courts addressing cases similar to the one before this Court, where the transfer at issue is a late rental payment, have put forth general guidelines to determine if an exchange is "substantially contemporaneous."

Courts generally agree that rents paid a few days after the first of the month are contemporaneous exchanges for the purpose of satisfying the new value exception under section 547 since the statute only requires that the payments be "substantially contemporaneous" and not "contemporaneous." *In re Clothes, Inc.,* 35 B.R. at 491 (stating that a rent payment 15 days late was "substantially contemporaneous" under section 547). See also *Grogan v. Hymen (In re Garrett Tool & Engineering, Inc.),* 273 B.R. 123, 127 (E.D.Mich. 2002) (holding rent payments made a few days after the due date were contemporaneous exchanges for new value and entitled to the exemption).

In *Clothes, Inc.,* the trustee sought the return of two payments made by the debtor to a landlord on grounds that the payments were preferential transfers. *In re Clothes,* 35 B.R. at 490. The landlord

argued that the two payments made 15 days late and 6 days late respectively were intended as payments for the current monthly rent and therefore contemporaneous consideration in exchange for the debtor remaining on the premises. *Id.* at 491. Reasoning that under the Bankruptcy Code an unexpired lease on real property is treated as an executory contract and that the lessee becomes obligated anew for each months rent on the day it becomes due under the lease, the court held that the payments were exempt from avoidance as "contemporaneous exchanges" under section 547(c)(1). *Id.* at 491–92.

Other courts have extended the definition of "substantially contemporaneous" to include any late rental payment as long as it is made in the same month the rent becomes due. *In re Everlock Fastening Systems, Inc.*, 171 B.R. 251 (Bankr. E.D.Mich.1994), *In re Coco*, 67 B.R. 365 (Bankr.S.D.N.Y.1986); *In re Mindy's Inc.*, 17 B.R. 177 (Bankr.S.D.Ohio 1982). Like the court in *Clothes, Inc.*, these courts reason that under section 365 rental obligations mature on a monthly basis during the course of the lease. *Id.* Therefore, a "substantially contemporaneous" exchange exists because payments on the current monthly rent are payments for the continuation of the leasehold estate by the lessee for that month regardless of when they are paid during the month. *Id.* For example, in *Mindy's Inc.*, the court considered a number of rental payments that were made by the lessee anywhere from 5 to 18 days after the first of the month. *In re Mindy's Inc.*, 17 B.R. at 177. The court held that each of these payments were "substantially contemporaneous" in relation to the time in which the obligations arose since the rent became due on the first of the month and each payment was made within the month that the payment became due. *Id.* at 179. Thus, payments occurring in the same month in which the services are rendered are considered a "substantially contemporaneous" exchange for the debtor's occupancy during the month. *Id.*

Applying the analysis set forth in *Mindy's Inc.*, another bankruptcy court determined that payments made into an escrow account for rent during the month in which the rent comes due is a "substantially contemporaneous" exchange even if the payments were late. *Sapir v. Eli Haddad Corp. (In re Coco)*, 67 B.R. 365 (Bankr. S.D.N.Y.1986). The Plaintiff is correct in pointing out that there are distinctions between the case before this Court and those in *Coco* since the payments in *Coco* were placed into an escrow account pursuant to a court order. *Id.* However, the issue before the court in *Coco* of whether the contemporaneous exchange defense is available for a late rental payment as long as the payment in question is made within the month it becomes due is identical to the issue before this Court. *Id.* at 370–71. Even though finding the defense available to the creditor, the court in *Coco* acknowledged a distinction between late rental payments paid within the month the rent obligation arises and those made after the month in which the payments are due. *Id.* at 370. It stated that even though late payments made within the month rent becomes due can be protected under section 547(c)(1), payments made outside the month are not protected by the defense because "the month to which the rents are attributable [has] ended." *Id.*

Plaintiff is correct in pointing out that there is case law to support its position that a time lapse of thirty days is not "substantially contemporaneous." However, those cases are distinguishable from the one here in that they are not dealing with payments for rental obligations under

a lease.[1] Generally, courts dealing with lease obligations have held that payments within the same month the rental obligation arises are sufficient to establish a "substantially contemporaneous" exchange between the parties.

In this case, the wire transfer of June 29, 2001 was within the same month that the rental obligation became due even though it was 28 days late. As addressed above, the record supports that the parties intended for the wire transfer to cover rent and expenses as provided for under the lease for the month of June 2001. The actual transfer of funds was within the month the rent came due, therefore, the exchange of occupancy by Plaintiff during the month of June in exchange for the wired funds is a "substantially contemporaneous" exchange of new value.

### II. Ordinary Course of Business Defense under 11 U.S.C. § 547(c)(2)

Additionally, Defendant puts forth a defense under section 547(c)(2) of the Code on grounds that the wire transfer was in the ordinary course of business between the parties. Since the Court finds that Defendant is entitled to summary judgment under section 547(c)(1), it will not address Defendant's defense under section 547(c)(2).

## CONCLUSION

The record before the Court shows by a preponderance of the evidence that the wire transfer on June 29, 2001 was an exchange for new value between the parties, was intended by the parties to be a contemporaneous exchange, and was substantially contemporaneous. After consideration of the pleadings and affidavits submitted by the parties, the Court finds that the Defendant has established an affirmative defense under section 547(c)(1) of the Bankruptcy Code and is entitled to Summary Judgment as a matter of law. Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment is DENIED and Defendant's Cross Motion for Summary Judgment is GRANTED.

The Clerk's Office is directed to serve a copy of this Order upon the Plaintiff, Plaintiff's Attorney, Defendant, and Defendant's Attorney.

1. See generally *In re Arctic Air Conditioning, Inc.*, 35 B.R. 107 (Bankr.E.D.Tenn.1983)(determining that 30 days is not substantially contemporaneous where loan repayment was at issue).