**In re Claude BLAKELY and Georgie Ann Romero Blakely, Debtors.**

**Bankruptcy No. 482–00732–LO.**

United States Bankruptcy Court,
W.D. Louisiana.

April 28, 1983.

James M. Miller, Jr., Rayne, La., for Mr. LeBleu.

Michael Harson, Lafayette, La., for debtors.

*Findings of Fact and Conclusions of Law*

RODNEY BERNARD, Jr., Bankruptcy Judge.

This cause comes for decision upon the objection of a creditor, Floyd LeBleu, to the debtors' claim of a homestead exemption. By agreement of the parties the matter was submitted upon memoranda of counsel. Both counsel make reference to a stipulation of facts which stipulation, somehow, does not appear in the record. This is no great loss, however, since the arguments of both counsel deal with an issue which is moot. The following facts, gleaned from the record, are decisive as to whether or not the debtors are entitled to their homestead exemptions.

1. The debtors filed their voluntary petition under Chapter 7 of the Code on October 12, 1982.

2. The Order For Meeting of Creditors and Allied Matters was forwarded by the Clerk of the Bankruptcy Court on October 21, 1982, fixing the date of the meeting for November 4, 1982.

3. Paragraph 6 of the notice reads "Unless the Court extends the time, any objection to the debtor's claim of exempt property (Schedule B–4) must be filed within 15 days after the above date set for the meeting of creditors".

4. The objection by Floyd LeBleu was filed on March 14, 1983.

5. Pursuant to notice, the trustee sold the debtors' homestead property on January 19, 1983..

6. On March 9, 1983 the trustee applied for an order ranking inferior liens and for authority to pay, he previously having paid the superior mortgage holder from the proceeds of sale.

7. After payment to the first mortgage holder and deducting the costs of sale, there remained a surplus of $41,470.32.

8. There are numerous judicial mortgage claims against the property as well as a conventional mortgage, which does not contain a waiver of homestead exemption.

Section 522(*l*) of the Bankruptcy Code provides, in part, that "Unless a party in interest objects, the property claimed as exempt ____ is exempt". The order setting the meeting of creditors provided that any objection to the debtor's claim of exemptions must be filed within 15 days following November 4, 1982. No objection was filed until March 14, 1983 and was, therefore, untimely. The debtor is entitled to the homestead property or the proceeds thereof to a maximum of $15,000.

In this case the trustee was obliged to pay the sum of $589.75 in order to redeem the property. This amount is to be deducted from the $15,000.00 to be paid to the debtor in lieu of the homestead property as well as from the costs of sale of the property. The remainder is to be paid to the holders of judicial mortgages in the order in which they are listed in the trustee's application.