**In re Paul Rush KASISHKE and Janet Ann Kasishke, Debtors.**

**Robin M. GREEN, Trustee, Plaintiff,**

**v.**

**Paul Rush KASISHKE and Janet Ann Kasishke, Defendants. (2 Cases)**

Bankruptcy No. 283–00260.
Adv. Nos. 284–2012, 284–2013.

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

May 24, 1984.

O.M. Calhoun, Amarillo, Tex., for defendants.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

Robin Green, Trustee, filed motion in adversary 284–2012 to have the debtors, Paul Rush Kasishke and Janet Ann Kasishke ("Kasishke") held in contempt for an alleged violation of § 362 of the Code. In adversary 284–2013 he seeks judgment, denying discharge to the debtors. The following summary constitutes findings of fact and conclusions of law after consolidated nonjury trial.

The debtors filed petition for order for relief under Chapter 7 of Title 11 United States Code on December 22, 1983. Robin Green has served as trustee in the case since January 4, 1984. On January 23, 1984, the § 341 meeting was conducted.

The debtors had claimed exemptions under Tex.Rev.Civ.Stat.Ann. art. 3833(a) and 3836,[1] including a contention that their residence located at 3301 South Lipscomb in the City of Amarillo, Texas, should be exempted.

When a case under Title 11 is filed all property of the debtors, including exempt property, becomes property of the estate under § 541 of the Code. Section 522(1) of the Code provides that unless a party in interest objects to the claimed exemptions, the property claimed as exempt on such list is exempt. Under Bankruptcy Rule 4003(b) the trustee or any creditor may file objections to the claimed exemptions within thirty days after the conclusion of the § 341 meeting. In the absence of objection the property claimed by the debtors to be exempt is removed from property of the estate after the thirty day period has expired.

The Amarillo National Bank, a judgment creditor of the debtors, timely filed an objection to the claimed homestead exemption

Robin M. Green, Amarillo, Tex., trustee.

---

1. The exemptions under the Texas Property Code did not become effective until January 1, 1984, so designation of exemptions under the old exemptions statutes, article 3833 and 3836, was proper.

within the thirty day period following the conclusion of the § 341 meeting. However, the trustee has never filed written objections to those claimed exemptions.

On February 16, 1984, less than thirty days from the conclusion of the § 341 meeting, the debtors sold the residence which they had claimed as exempt property for the sum of $300,000.00. Both the trustee and the attorney for Amarillo National Bank orally gave notice to the attorney for the debtors of their respective opposition to the sale with the trustee contending that only he as trustee could sell property of the estate. Debtors ignored the trustee's oral opposition but entered into an agreement with the Amarillo National Bank so that the sale could be closed with $30,000.00 of sales proceeds to be held in escrow pending determination of the exemption challenge advanced by the bank.

■ It is apparent that at the time of the sale of the residence on February 16, 1984, the debtors had no power to transfer the property without the approval of the trustee. Until the thirty day period for filing objections had expired the property remained § 541 property of the estate, subject to the right of the debtors to have the property removed from "property of the estate" if no objections were timely filed within thirty days of the conclusion of the § 341 meeting or, if objections were filed, subject to the right of the debtors to have their exemption claim determined by the Court. During that thirty day period neither the trustee nor the debtors can take any action concerning that property claimed to be exempt which might adversely affect the interest of the other. The trustee is correct in his contention that the sale should not have been consumated without his approval. The debtors are in contempt for effecting sale of property which, at the time the sale was made, was property of the estate. However, there is some difficulty in determining proper sanctions to be invoked against the debtors.

■ The trustee seeks to deny discharge to the debtors, contending that the debtors, with intent to hinder, delay or defraud the trustee, have transferred property of the estate after the date of the filing of the petition within the meaning of § 727(a)(2)(B). I am not persuaded that the actions of the debtor in proceeding with the sale over the oral objections of the trustee merit that drastic relief. The trustee never filed written objections to the exemptions, although at the time of his oral objection to the sale he still had one week available to him to file objections if in his opinion there were lawful bases upon which the claimed exemptions could be challenged. He cannot "piggy-back" on the objections filed by the Bank. *See In re Floyd,* 37 B.R. 890 (Bkrtcy.N.D.Tex.1984). His failure to timely file written objections to the exemptions avoids his right to object. *See In re Blakely,* 29 B.R. 354, 355 (Bkrtcy.W.D.La.1983); *In re Thomas,* 27 B.R. 367 (Bkrtcy.S.D.N.Y.1983); *In re Waters,* 22 B.R. 387 (Bkrtcy.N.D.Tex.1982). Further, the time for filing objections to exemptions was set at fifteen days in the Local Rules, which was superseded by the Bankruptcy Rules less than five months before this case was filed. Although the Bankruptcy Rules prevail over other conflicting rules, there could be some explanation for the debtors having taken the course which they pursued. I cannot find a basis for denial of discharge.

■ However, the Bankruptcy Code must be vindicated. Debtors must be reminded that they cannot "jump the gun" and dispose of exempt property after the case is filed but prior to the time the exempt property has been removed from "property of the estate." In this case the trustee has been compelled to file, prepare for trial and prosecute this action for sanctions. Although the estate did not benefit from his actions in that regard the matters which he has raised are ones which properly should have been raised. In this case the trustee is serving as his own attorney. He should recover reasonable attorney's fees against the debtors which I find to be the sum of $350.00.

It is, therefore, ORDERED by the Court that the debtors, Paul Rush Kasishke and Janet Ann Kasishke, be, and they are here-

by, determined to be in contempt for disposing of § 541 property of the estate over the objections of the trustee.

It is further ORDERED by the Court that as sanctions the debtors, Paul Rush Kasishke and Janet Ann Kasishke be, and they are hereby, directed to pay to Robin M. Green, attorney for the trustee, the sum of $350.00.

LET JUDGMENT BE ENTERED ACCORDINGLY.