805 F.2d 1515
 16 Collier Bankr.Cas.2d 210, Bankr. L. Rep. P 71,537
In re ALL AMERICAN OF ASHBURN, INC., Debtor.
John W. GRIFFIN, Robert V. Blanton, Paul J. Hill, Craig
Black, Billy Black, Steven L. Ivie, and Hillard P.
Burt, Plaintiffs-Appellants,
v.
Paul W. BONAPFEL, Trustee, Defendant-Appellee.
 No. 86-8347.
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 16, 1986.
 
 C. Nathan Davis, Albany, Ga., for plaintiffs-appellants.
 Paul W. Bonapfel, Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.
 PER CURIAM:
 
 
 1
 AFFIRMED on the basis of the district court opinion attached hereto as an appendix.
 
 APPENDIX
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF GEORGIA ATLANTA DIVISION
 CHAPTER 11
 NO. 83-03719
 CIVIL ACTION
 NO. C85-4390A
 ORDER
 
 3
 FORRESTER, District Judge.
 
 
 4
 This action is before the court on an appeal from a final order and judgment by the bankruptcy court granting permanent injunctive relief in favor of appellee/trustee [56 B.R. 186 (1986) ]. 28 U.S.C. Sec. 158. In reviewing the order of the bankruptcy court, this court is mindful that the bankruptcy court's "[f]indings of fact should not be set aside unless clearly erroneous...." Bankruptcy Rule 8013. This court may make a de novo review of the bankruptcy court's conclusions of law. Borg-Warner Acceptance Corp. v. Fedders Federal [Financial] Corp. (In Re: Hammons), 614 F.2d 399, 403 (5th Cir.1980).
 
 
 5
 I. STATEMENT OF FACTS.
 
 
 6
 Having reviewed the record of the bankruptcy court, the court is of the opinion that the bankruptcy court's findings of fact were not clearly erroneous. Therefore, the court adopts as its findings of fact those facts stated by the bankruptcy court in its order of September 25, 1985. The pertinent facts center upon the commencement of an action by appellants as shareholders of All American of Ashburn, Inc. (All American), the debtor corporation subject to this Chapter 11 proceeding, to recover for the diminution of the value of their stock. Appellants sought to recover against C.I.T. Corporation (CIT) because of CIT's fraudulent representations of future financing of All American which allegedly resulted in the destruction of All American's business and damage to appellants as shareholders. This shareholders' action was commenced in the Superior Court of Turner County, Georgia, but was subsequently removed in 1985 to the United States District Court for the Middle District of Georgia where it is now pending.
 
 
 7
 Over two years prior to the commencement of the shareholders' action, All American filed this petition for bankruptcy under Chapter 11. Appellee/trustee was aware of the potential claim against CIT and negotiated a settlement agreement in the spring of 1985. A settlement agreement was executed on July 8, 1985, providing that funds in the possession of the trustee against which CIT claimed a priority lien would be relinquished to the trustee and the trustee and CIT would share future collections on accounts receivable. CIT released its interest in certain other assets of the estate and relinquished a deficiency claim. In return for the foregoing, CIT received a general release from the trustee of all claims that could be asserted by All American by the appellee/trustee. However, the settlement agreement provided as a condition precedent to its effectiveness that the bankruptcy court enjoin any pending suit against CIT to the extent that such suit asserted claims of All American.
 
 
 8
 Pursuant to this settlement agreement, appellee/trustee filed a complaint against appellants seeking a permanent injunction against their pursuit of the shareholders' action. After a hearing on August 19, 1985, the Honorable W. Homer Drake, Jr. entered the following order on September 27, 1985.
 
 
 9
 ORDERED AND ADJUDGED that the above-named Defendants be, and each of them hereby is, permanently enjoined and restrained from continuing the prosecution of the above-referenced Civil Action in the name or on behalf of All American, or derivatively as shareholders of All American or from asserting a claim or cause of action which is or was a claim or cause of action of All American or the Trustee, or purportedly for the benefit of All American or the Trustee; and it is further
 
 
 10
 ORDERED AND ADJUDGED that the Defendants be, and each of them hereby is, ordered and directed to dismiss said Civil Action insofar as, and to the extent that said Civil Action is brought in the name or on behalf of All American or the Trustee, or derivatively by any of the Defendants as shareholders of All American or asserts a claim or cause of action which is or was a claim or cause of action of All American of Ashburn, Inc., or the Trustee; and it is further
 
 
 11
 ORDERED AND ADJUDGED that the Defendants be, and each of them hereby is, permanently restrained and enjoined from commencing any action, suit or proceeding against CIT to the extent that such action, suit, or proceeding is brought by, in the name of, or purportedly on behalf or for the benefit of All American or the Trustee or for the purpose of recovering on any claim or cause of action which is or was a claim or cause of action of All American or the Trustee.
 
 
 12
 The appellants appealed from this order arguing that the bankruptcy court has no jurisdiction to enjoin actions by individual shareholders.
 
 
 13
 II. CONCLUSIONS OF LAW.
 
 
 14
 Appellants do not dispute the authority of the bankruptcy court to protect the estate of the debtor corporation, including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. Sec. 541(a)(1); 11 U.S.C. Sec. 105(a). The only question before this court on appeal is whether the bankruptcy court exceeded its authority when it enjoined appellants from pursuing what appellants characterize as an action which is not the property of the estate.
 
 
 15
 The action which appellants commenced against CIT is not an action which they may pursue exclusive of the interest of the debtor corporation. Of course, an appellant's shareholders' derivative action belongs to the corporation. See OCGA 14-2-123(a). Denying that their action is derivative, appellants assert that their action is one for the recovery of "damages for the reduced value of their shares in All American." Appellants' Brief at 9. This characterization is unavailing in light of the fact that a suit for the recovery of the diminution of the value of the stock caused by the tortious acts of either an officer or director or third person belongs to the corporation. See Dale vs. City Plumbing & Heating Supply Co., 112 Ga.App. 723, 729 [146 S.E.2d 349] (1965); Short vs. McKinney, 111 Ga.App. 557, 560-62 [142 S.E.2d 398] (1965); see generally Fletcher, Cyclopedia of Laws of Private Corporations Sec. 5913 (1984). Appellants' allegations in the action pending in the Middle District Court that CIT damaged their investment by fraudulently promising financial assistance to All American are allegations of a harm suffered by the debtor corporation. Any recovery which appellants might realize would normally go to the debtor corporation. Id; see also Schnorbach vs. Fuqua, 70 F.R.D. 424 (S.D.Ga.1975). In short, appellants are not distinctly and individually damaged shareholders whose loss can be separated from the loss of the debtor corporation. See Thomas vs. Dixon [Dickson], 250 Ga. 772, 774-75 [301 S.E.2d 49] (1983).
 
 
 16
 Because the claims of appellants belong primarily to the debtor corporation and because the representative of the debtor corporation has already compromised these claims, appellants were properly enjoined from pursuing an action which is the property of the debtor's estate. See Vincel vs. White Motor Corp., 521 F.2d 1113, 1118-19 (2d Cir.1975). Judge Drake did not enjoin appellants from pursuing any action which they may bring in their own name or for their own benefit exclusive of the benefit to the debtor corporation. The bankruptcy court's order is quite explicit in limiting its effect to civil actions brought on behalf of All American or civil actions asserting claims or causes of action which are the property of All American. The bankruptcy court was acting within its authority to protect the property of the estate.
 
 
 17
 III. CONCLUSION.
 
 
 18
 In sum, the order of the bankruptcy court was an appropriate exercise of the court's power to protect the estate. The bankruptcy court did not purport to enjoin appellants from pursuing any non-derivative claims as shareholders of the debtor corporation. The bankruptcy court's order was appropriate as applied to the appellants shareholders' action now pending in the United States District Court for the Middle District of Georgia because such action is the property of the debtor's estate. For the foregoing reasons, the order of the bankruptcy court is hereby AFFIRMED.