**In re The GAINESVILLE VENTURE, LTD., Debtor.**

**The GAINESVILLE VENTURE, LTD., Cardinal Realty Services, Inc., Peoples Westchester Savings Bank, Plaintiffs,**

v.

**C & R TRUST, Defendant.**

**Bankruptcy No. 2–90–01486.
Adv. No. 2–93–0270.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Aug. 30, 1993.

Gary Paul Price, Columbus, OH, for debtor.

Carol G. Stebbins, c/o Cardinal Realty Services, Inc., Reynoldsburg, OH, James H. Bownas, Gen. Counsel, Cardinal Realty Services, Inc., Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, OH, for Cardinal Realty Services, Inc.

Ira Rubin, Goldman, Rubin & Shapiro, Dayton, OH, for Peoples Westchester Sav. Bank.

Joseph C. Winner, McFadden, Winner and Savage, and Henry P. Montgomery, Baker & Hostetler, Columbus, OH, for C & R Trust.

## OPINION AND ORDER GRANTING REQUEST FOR INJUNCTIVE RELIEF AND FINDING VIOLATION OF THE AUTOMATIC STAY

BARBARA J. SELLERS, Bankruptcy Judge.

On June 22, 1993, the Court entered an order which approved a settlement reached between the debtor, The Gainesville Venture ("Gainesville"), and Peoples Westchester Savings Bank ("Peoples"). That settlement granted Peoples relief from the automatic stay imposed by 11 U.S.C. § 362(a) to pursue in Florida state court its prepetition judgment of foreclosure obtained against Gainesville. C & R Trust ("C & R"), Gainesville's sole limited partner, objected to the settlement. The Court overruled that objection and approved the settlement. C & R did not appeal that order.

Presently before the Court is a motion and a complaint filed jointly by Gainesville and by Cardinal Realty Services, Inc. ("Cardinal"), Gainesville's managing general partner. The motion seeks a finding that C & R is in violation of the automatic stay. The complaint, also joining Peoples as a plaintiff, seeks to enjoin C & R from interfering in the state foreclosure action. These actions were precipitated by C & R's filing in the state court of a motion to quash service of process and vacate the state court's prior order of foreclosure. The Florida court has set that motion for hearing on September 2, 1993.

With the agreement of C & R, the Court heard the motion and the complaint for an injunction on an expedited basis on August 26, 1993. Based upon the arguments of the parties and the Court's independent research, the Court finds that C & R has violated the automatic stay and should be enjoined from interfering further in the Florida state court foreclosure action.

■ C & R asserts that it has a derivative right on behalf of the Gainesville partnership to contest the validity of the foreclosure judgment and future sale. There is no dispute that under Florida law a limited partner may, under certain circumstances, assert a derivative right which the general partner has refused to assert. *See,* Fla. Stat.Ann. § 620.163 and *Goldome Savings Bank v. Wulsin,* 530 So.2d 291 (1988). As the statute and case law recognize, however, this "derivative right" is asserted on behalf of the limited partnership. Said differently, the cause of action or defense belongs to the limited partnership, not the limited partner. Fla.Stat. § 620.163. In this manner limited partner derivative suits are similar to shareholder derivative suits brought on behalf of a corporation rather than for the benefit of an individual shareholder. *Compare,* Fla.Stat. § 607.07401.

■ When the limited partnership is a chapter 11 debtor, however, any causes of action or defenses of the limited partnership to a state court foreclosure action are property of the partnership's bankruptcy estate pursuant to 11 U.S.C. § 541. *See, Griffin v. Bonapfel (In re All American Ashburn, Inc.),* 805 F.2d 1515, 1518 (11th Cir.1986). In *Griffin,* the court was faced with a shareholder derivative action being asserted on behalf of a debtor corporation. The chapter 7 trustee had reached a settlement with the defendant and sought to enjoin the shareholders from further pursuing the action. The Court found that the cause of action belonged to the corporation and, thus was property of the bankruptcy estate. Any assertion of that claim by the shareholders through a derivative action would be an attempt to exercise control over property of the estate and, therefore, would violate the automatic stay imposed by 11 U.S.C. § 362(a)(3). *Griffin,* 805 F.2d at 1518. The Court also held that a permanent injunction was proper to prohibit the shareholders from further pursuing that action.

■ This Court believes that the reasoning of the *Griffin* court applies to the issues presented here. Even though *Griffin* was a shareholder derivative action, the similarities between such an action and a limited partner's derivative action on behalf of a limited partnership are sufficient to warrant a similar result. The derivative defense to the foreclosure asserted by C & R is a defense which belongs to Gainesville, the limited partnership. Because Gaines-

ville is a chapter 11 debtor-in-possession, that right is property of its bankruptcy estate. Under the reasoning of *Griffin*, C & R's exercise of control over that right without first seeking relief from the automatic stay constitutes a violation of the stay. Because the settlement previously approved between Gainesville and Peoples waives the debtor's right to challenge the foreclosure action and agrees to foreclosure by Peoples, C & R must be enjoined from undercutting that court approved settlement by asserting rights of Gainesville in the Florida foreclosure action.

Strong policy considerations support this conclusion. If parties are free to assert rights on behalf of debtors without first seeking relief from the automatic stay, settlements approved by the bankruptcy court after notice to all parties in interest and opportunity for a hearing could be undone by subsequent unauthorized actions taken by these third parties. This result would place debtors and other parties to such settlements in the untenable position of never having a "final" settlement because of possible collateral attack through the mechanism of a "derivative suit."

C & R fully participated in the hearing on the settlement between Gainesville and Peoples. The Court overruled C & R's objection, approved that settlement, and found that it was in the best interests of the creditors of Gainesville. In that settlement, Gainesville waived any right to appeal the judgment of foreclosure. Indeed, any contest to that foreclosure judgment could violate Gainesville's agreement with Peoples. Thus, if C & R were permitted to pursue its derivative action in the state foreclosure action, Gainesville would be forced to breach its settlement agreement with Peoples previously approved by this Court.

Accordingly, the Court finds that by filing a motion to quash the service of process and vacate the judgment of foreclosure in the Florida state court, C & R violated the automatic stay in this chapter 11 case. C & R is hereby ENJOINED from further interfering in the Florida state foreclosure action on behalf of Gainesville.

IT IS SO ORDERED.