In re WESTWOOD COMMUNITY TWO ASSOCIATION, INC.,
Debtor.

Unofficial Ad Hoc Committee for Westwood Community Two Association, Inc., Appellant,

v.

John P. Barbee, as Chapter 7 Trustee for the Bankruptcy Estate of Westwood Community Two Association, Inc., Appellee.

No. 00–7616–CV.

United States District Court,
S.D. Florida.

July 3, 2001.

---

Paul Steven Singerman, Berger Singerman, Miami, FL, for appellant.

John Leonard Walsh, Mark Stuart Roher, Dzikowski, Walsh & Charbonneau, Fort Lauderdale, FL, for appellee.

*ORDER GRANTING JOHN P. BARBEE, TRUSTEE'S MOTION TO DISMISS APPEAL AND CLOSING CASE*

MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon John P. Barbee's, Trustee, Motion to Dismiss the Appeal and Motion to Strike the issues on appeal filed by the Unofficial Ad Hoc Committee for Westwood Community Two Association, Inc. The Court has reviewed the John P. Barbee's Motion and the Unofficial Ad Hoc Committee's Omnibus Response. For the reasons stated herein, this Court grants the Motion to Dismiss Appeal.

*I. Factual and Procedural Background*

On April 16, 1997, Westwood Community Two Association, Inc. (hereinafter, the "Debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Trustee's Mot. ¶ 1.) John P. Barbee, (hereinafter, the "Trustee") is the duly appointed and qualified Chapter 7 Bankruptcy Trustee of the Debtor. (*Id.* at ¶ 2.) Peter C. Martin, John L. Lewis, and Mark and Linda Mezano (hereinafter, the "Claimants") filed separate claims against the Debtor for violations of the Federal and Florida Fair Housing Acts. (*Id.* at ¶ 3.)

The claims of the aforementioned unsecured creditors arose either from prepetition judgments rendered in the United States District Court for the Southern District of Florida and the Broward County Circuit Court or potential lawsuits in said courts, as well as attorneys fees. (R. 1.) On May 13, 1998, the Trustee filed an "Objection to Claims" asserted by the Claimants. (*Id.* at ¶ 4.) After conducting an evidentiary hearing on the Trustee's Objection and review of the parties' filings, the Bankruptcy court entered an "Order Determining Allowed Claims" resulting

from the Debtor's unlawful violations of the Federal and Florida Fair Housing Acts arising from its operations and conduct in carrying out the affairs and business of the Homeowner's Association. (*Id.* at ¶5.) According to the Bankruptcy court's determination, Peter C. Martin was allowed a general unsecured claim as compensatory damages in the amount of $83,386.95 and a claim for punitive damages in the amount of $150,000.00. (R. 35.) John L. Lewis was allowed a general unsecured claim as compensatory damages in the amount of $126,079.70 and a claim for punitive damages in the amount of $250,000.00. Mark and Linda Menzano were allowed a general unsecured claim as compensatory damages in the amount of $112,372.57 and a claim for punitive damages in the amount of $500,000.00 (*Id.*) The Debtor filed a Motion for Reconsideration of Order Determining Allowed Claims which was denied by the Bankruptcy Court. (R. 36.)

On March 29, 2000, the law firm of Berger Davis & Singerman filed a Notice of Appearance on behalf of a group of the Debtor's homeowners, calling themselves the Unofficial Ad Hoc Committee for Westwood Community Two Association, Inc (hereinafter the "Unofficial Committee" or "Committee"). On March 31, 2000, the Unofficial Committee filed a Motion for Reconsideration of Allowed Claims. The Bankruptcy court held a hearing on the Unofficial Committee's Motion and on May 2, 2000, the Committee's Motion for Reconsideration was denied. (Trustee's Mot. at 2.)

## II. Analysis

John P. Barbee, as the Trustee in this case, has moved to dismiss the Appeal filed by the Unofficial Committee and argues that there have been no committees, either official or unofficial, approved or appointed by the Bankruptcy Court or the Office of the United States Trustee in this bankruptcy case. (*Id.* at 3.) Mr. Barbee contends that the Unofficial Committee seeks to represent selected homeowners. However, Mr. Barbee argues, all of the homeowners of the Westwood Community Two Association, Inc. "have been represented by a representative body," the Debtor in this case. (*Id.*) Additionally, Mr. Barbee asserts the "Order Determining Allowed Claims" arose from the Trustee's objection to the claims and the Claimants proving the amounts of their claims. Accordingly, Mr. Barbee concludes, that the Bankruptcy court's Order was entered against the Debtor, who has represented all of the homeowners throughout the Bankruptcy case and thus it is the Debtor, not the Unofficial Committee, who is the real party in interest with the capacity to bring suit. (*Id.* at 4.)

The Unofficial Committee, in response, argues that it is "aggrieved" and "injured" by the Bankruptcy court's ruling denying its request for reconsideration of the Claims. (Committee's Resp. at 6.) Further, the Unofficial Committee argues that the Trustee conceded that the Committee was entitled to appear in this case, during the bankruptcy proceedings, to represent the interest of its individual members. According to the Unofficial Committee, on April 14, 2000 the Trustee filed an "Objection to Notice of Appearance by Berger Davis & Singerman and Motion to Strike Pleadings Or, In the Alternative, Motion to Compel Disclosure of Parties Represented." Thereafter, a Notice of Filing, wherein Berger & Davis disclosed the name of each individual on the Committee, was submitted and the Trustee conceded that the Committee was entitled to appear. Thus, Appellant concludes it has standing to appeal the Bankruptcy court's decision as the aggrieved party in the matter below since the Trustee consented to the Com-

mittee's appearance during part of the Bankruptcy proceedings. (*Id.*)

■ The Court finds the Unofficial Committee's arguments unpersuasive. In the case of *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136 (1st Cir.1992), in dismissing appellant's appeal, who brought the appeal on the basis that the bankruptcy court disallowed appellants' objections to a proposed settlement and against an individual's claims against a chapter 7 estate, the First Circuit noted that "[t]he fact that the appellants were given an opportunity to be heard in the bankruptcy court does not provide a basis for standing on appeal." *Id.* at 1142 (citing *In re Central Ice Cream Co.*, 62 B.R. 357, 360 (N.D.Ill.1986)). The *Thompson* court evaluated the potential for involvement of many different parties in a bankruptcy litigation such as, for example, in an approval of a compromise between a trustee and a third party, with an appeal taken by a creditor or the debtor. The court acknowledged that in such situations "[i]t might be said that all of the creditors and the debtor are parties to every order entered in a bankruptcy proceeding." *Id.* However, the *Thompson* court recognized that this in no way aids in the determination of which parties have standing to appeal, "because it would result in a rule that all parties who are involved either directly, indirectly, or tangentially in the bankruptcy proceeding have the power to appeal from almost any order entered by the bankruptcy judge." *Id.* at 1141 (citing Lawrence D. King, 9 *Collier on Bankruptcy* ¶ 8001.05, at 8001–12 (15th ed.1991)).

■ In a Bankruptcy case, the Bankruptcy trustee becomes the estate's legal representative. *See Skolnick v. Atlantic Gulf Communities Corporation (In re General Development Corporation)*, 179 B.R. 335, 338 (S.D.Fla.1995) (citing *Dallas Cabana, Inc. v. Hyatt Corp.*, 441 F.2d 865, 866–67 (5th Cir.1971)); *see also Bauer Jr. v. Commerce Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 441 (6th Cir.1988) (holding "the trustee in bankruptcy acts as representative of the estate. It is the trustee who 'has the capacity to sue and be sued.'" (citing 11 U.S.C. § 323(b) and Bankr.P.R. 6009)). The Bankruptcy trustee is vested with title to all assets of the estate and becomes the representative entity. *See In re General Development Corp.*, 179 B.R. at 338.

In the case of *In re All American of Ashburn, Inc.*, 805 F.2d 1515 (11th Cir. 1986), the Eleventh Circuit affirmed a district court's order permanently enjoining shareholders of a corporation from pursing a derivative action against a lender, after a Bankruptcy trustee had negotiated a settlement of a lender liability claim on behalf of the estate that included a release of all claims against the lender. *Id.* at 1518. The district court in *Ashburn*, recognized that because "the claims of appellants belong primarily to the debtor corporation" and because the trustee already had resolved the claim against the debtor, "appellants were properly enjoined from pursuing an action which [was] the property of the debtor's estate." *Id.* The Eleventh Circuit affirmed in a per curiam decision which adopted the district court's opinion.

■ Similarly, and following the reasoning of the *Ashburn* court, the appeal brought before this Court by the Unofficial Committee represents an attempt to protect the interests of parties who have been represented by the Debtor since the beginning of the underlying bankruptcy proceedings. The "Order Determining Allowed Claims" issued by the Bankruptcy court arose from the Trustee's Objection to the claims and the Claimants proving the amounts of their claims. This Order was entered against the Debtor, who has represented all of the homeowners

throughout the bankruptcy case. Thus it is the Debtor, and not the Unofficial Committee, who is the real party in interest. Accordingly, the Unofficial Committee lacks standing to maintain this appeal.

In their Response, the Unofficial Committee concedes that "the Trustee is the party in interest as representative of the estate in all matters relative to the administration of the case and payment of claims." (Committee's Resp. at 11.) The Committee asserts that it does not oppose the judgment against the Debtor considered in the Bankruptcy case. However, it claims the Committee became a party with a direct financial interest in this case when the Trustee threatened the property interests of the Committee members to seek payment in full satisfaction of the damages claims. (*Id.*) According to the Committee, its members "had nothing to do with the filing of the bankruptcy petition." (*Id.*) Further, the Committee contends that "the Trustee has embarked in an unprecedented course of collecting excessive damages claims from non-debtor parties." (*Id.* at 12.)

In response, the Trustee argues that he has engaged in lawful assessment proceedings as provided under Florida law. The Trustee notes that the authority for the special assessment is provided in both the Florida Statutes as well as various provisions contained in the homeowner association documents of the Debtor.[1] Section 617.0604 of the Florida Statutes states in pertinent part that a member of a corporation "may become liable to [a] corporation for dues, assessments, or fees as provided by law." Fla.Stat. 617.0604(2) (2001).

Florida courts have also dealt with the imposition of special assessments against a homeowner's association. In *Ocean Trail Unit Owners Association v. Mead,* 650 So.2d 4 (Fla.1994), the Fourth District Court of Appeal certified the following question for the Supreme Court of Florida to review: *Whether a condominium association can enforce a special assessment imposed to pay judgments, attorney's fees and costs incurred in connection with a lawsuit brought by Unit Owners against the Association in which the Association's purchase of real property was invalidated as an unauthorized act and subsequently rescinded. Id.* at 5.

In answering the certified question in the affirmative, the Florida Supreme Court noted that "unit owners elect the officers and directors of the association, and those officers and directors have a fiduciary duty to the unit owners (citing § 718.111(1)(a), Fla.Stat. (1987)), .. [a]ccordingly, if the officers or directors act in an unauthorized manner, the unit owners should seek a remedy through elections, or, if factually supported, in an action for breach of fiduciary duty." *Id.* at 7. The *Ocean Trail Unit* court further noted that "[t]he owners' remedies do not include failing to pay an assessment to protect against a judgment which has been lawfully entered against the association." *Id.* In holding the special assessment valid the Florida Supreme Court held that "the reason why the judgments were entered should not determine whether the assessment can be enforced. Rather, a unit owner's duty to pay assessments is conditional solely on whether the unit owner holds title ... and whether the assessment conforms with the declaration of .. and bylaws of the association .." *Id.*

In this case, the Trustee argues that it has the obligation to protect the estate,

---

1. The Committee has not addressed the Trustee's interpretation of the homeowner associa-    tion documents of the Debtor.

maintain the common property, and perform the duties and obligations prescribed in the homeowner association documents of the Debtor, to the extent possible, including a special assessment in order to pay claims and protect the Debtor's common properties and facilities from execution and levy. This Court agrees. Accordingly, this Court finds the Unofficial Committee's assertion that, as a party with direct financial interest due the Trustee's imposition of a special assessment, it has standing to appeal the Bankruptcy court's Order denying its Motion for Reconsideration is invalid.

### III. Conclusion

For the reasons discussed herein, it is hereby

ORDERED and ADJUDGED that John P. Barbee's, Trustee, Motion to Dismiss Appeal filed by the Unofficial Ad Hoc Committee for Westwood Community Two Association, Inc. is GRANTED. It is

FURTHER ORDERED and ADJUDGED that this case is hereby CLOSED and the Clerk of Court shall DENY any and all pending motions AS MOOT.