[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12050
_____

D.C. Docket No. 04-80581-CV-DMM

G. JEFF MENNEN AND WILMINGTON TRUST COMPANY,
Co-Trustees u/a Dated November 29, 1970,
with George S. Mennen FBO John Henry Mennen,

                                        Plaintiff-Appellant,

                    versus

ONKYO CORPORATION,
ONKYO MALAYSIA SDN. BHD.,
ONKYO EUROPE ELECTRONICS GMBH,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 13, 2007)**

Before DUBINA and MARCUS, Circuit Judges, and COOGLER,* District Judge.

PER CURIAM:

_____

*Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama, sitting by designation.

Plaintiff-Appellant, the Mennen Trust ("the Trust"), brought an action against Defendants-Appellees under Florida law for fraud, negligent misrepresentation, false information negligently supplied, and conspiracy. The Trust sought to recover a $12 million loan that helped to finance Global Technovations, Inc's ("GTI") acquisition of Onkyo America, Inc. ("OAI") from Defendants-Appellees in 2000, as well as an additional $11 million investment the Trust contends was made in an effort to save its original loan. The Trust appeals the district court's March 2, 2006, order entering final judgment for Defendants-Appellees following a written order entered the previous day, which granted the defendants' motion for a directed verdict due to the Trust's lack of standing.

"We review de novo questions concerning our subject matter jurisdiction, including standing and ripeness." *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006) (citing *Fla. Pub. Interest Research Group Citizen Lobby, Inc. v. EPA*, 386 F.3d 1070, 1082 (11th Cir. 2004); *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1251 (11th Cir. 2003)). "When considering whether or not a ruling on a motion for directed verdict or for judgment notwithstanding the verdict should be upheld, the standard of review to be applied by this Court is the same as that applied by the district court." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1230 (11th Cir. 2001) (per curiam). "Thus, we consider all the evidence, and the inferences drawn

2

therefrom, in the light most favorable to the nonmoving party. If the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the motion was properly granted." *Id*.

The district court concluded that the Trust's claims in this case belong to the bankruptcy estate of GTI and are therefore barred. 11 U.S.C. § 541(a) "establishes a debtor's bankruptcy estate" as including "all legal and equitable interests of the debtor in property as of the commencement of the case." *In re Icarus Holding, LLC*, 391 F.3d 1315, 1319 (11th Cir. 2004). "This includes legal causes of action the debtor had against others at the commencement of the bankruptcy case." *Id*. Said another way, the "bankruptcy trustee stands in the shoes of the debtor and has standing to bring any suit that the debtor could have instituted had it not been thrown into bankruptcy." *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1202 (11th Cir. 2003). Furthermore, "[i]f a cause of action belongs to the estate, then the trustee has exclusive standing to assert the claim." *In re Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994); *accord Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). "If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate." *In re Educators Group Health Trust*, 25 F.3d at 1284.

3

After full review of the record, reading the parties' briefs,[1] and having the benefit of oral argument, we affirm the district court. The bankruptcy estate of GTI has filed suit in the United States Bankruptcy Court for the Eastern District of Michigan against Defendants-Appellees. In that action, GTI's bankruptcy estate seeks to recover its alleged financial losses stemming from the same acquisition transaction at issue in this case. To the extent the Trust seeks to recover the monies it invested in GTI during and after the acquisition transaction, there is insufficient evidence to establish that the Trust was "distinctly and individually damaged" or suffered a "loss [that] can be separated from the loss of the debtor corporation." *In re All Am. of Ashburn, Inc.*, 805 F.2d 1515, 1518 (11th Cir. 1986) (per curiam). To the extent the Trust seeks to recover its loan to OAI, undisputed evidence in the record shows that GTI had pledged to repay OAI's debt to the Trust if OAI became unable to make its monthly payments. Further evidence shows that GTI began making those monthly payments to the Trust on OAI's behalf. Because GTI became liable for OAI's debt, its bankruptcy estate had exclusive standing to bring a cause of action for those losses as well.

**AFFIRMED.**

---

[1]Appellees' "Motion to Strike Portions of the Mennen Trust's Reply Brief . . . ," which was carried with the case, is **DENIED**.