IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-10955

In The Matter Of:  DALE RICHARD GROTJOHN

Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIANE REED, CHAPTER 7 TRUSTEE

Appellant

v.

DALE RABE; BLUMBERG AND BAGLEY, LLP

Appellees

Appeal from the United States District Court
for the Northern District of Texas
(4:07-CV-031-A)

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Diane Reed, Chapter 7 Trustee (the "Trustee") for the estate of
Debtor Dale Richard Grotjohn (the "Debtor"), appeals the district court's decision
to exempt from the estate a payment made by Appellee Dale Rabe to Appellee

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Blumberg and Bagley, LLP ("B&B") or, alternatively, to the Debtor, in exchange for a fractional interest in several pre-petition legal claims of the Debtor. As the claims were the property of the estate at all relevant times and not the property of the Debtor when he purported to convey an interest in them, the transfer from the Debtor to Rabe was void ab initio. Consequently, the payment in exchange for an interest in the claims could not have constituted "proceeds . . . of or from property of the estate" under § 541(a)(6) of the Bankruptcy Code. We therefore affirm the district court's affirmance of the bankruptcy court's grant of summary judgment.[1]

## I. Facts and Proceedings

In July 2003, the Debtor filed for Chapter 7. In January 2004, the bankruptcy court entered an order of discharge, and the Chapter 7 phase of this case was closed. In August 2004, the Debtor was sued in Texas state court over his purported interest in a business partnership. The Debtor, in turn, asserted his own counterclaims against that partnership grounded in pre-petition rights. In September 2004, the Debtor transferred to Rabe a one-third interest in his claims in the state court litigation in exchange for funds with which to pay B&B

---

[1] Appellees also raise the argument that the Trustee waived this appeal by failing to timely file a statement of the issues to be presented, as required by Federal Rule of Appellate Procedure 6(b)(2)(B)(i). We have the discretion to impose sanctions for failure to comply with this rule, including dismissal of the appeal. See M.A. Baheth Constr. Co. v. Schott (In re M.A. Baheth Constr. Co.), 118 F.3d 1082, 1083 (5th Cir. 1997). Under the instant circumstances, however, we decline to dismiss this appeal for non-compliance with Rule 6(b)(2)(B)(i) because Appellees were given notice of the sole issue raised by the Trustee in a letter that the Trustee submitted to us in response to a notice that this case had been selected for our appellate conference program. Even if, arguendo, the Trustee did not comply with Rule 6(b)(2)(B)(i), we do not believe the interests of justice would be served by imposing the extreme measure of dismissing this appeal on the sole basis of a procedural technicality because Appellees were not prejudiced by the Trustee's non-compliance, and because the Trustee did not show a cavalier disregard for the rule.

for attorney's fees the Debtor had incurred in the state court litigation (the "Transferred Money").[2]

In November 2004, the Debtor moved to reopen his bankruptcy case to disclose assets previously omitted from his schedules and statement of financial affairs. These assets included the Debtor's asserted interest in the partnership that was the subject of the state court litigation as well as the Debtor's claims against this partnership. At the same time, the Debtor sought to exempt these assets from his estate; the bankruptcy court denied his request.[3]

In July 2005, a jury ruled against the Debtor in the state court litigation, finding that there was no partnership and that the Debtor should recover nothing.

In July 2006, the Trustee filed an adversary complaint in the bankruptcy court alleging that, because the state court claims transferred by the Debtor to Rabe were property of the estate at the time of the transfer, the Transferred Money was "proceeds" as well and thus property of the estate under § 541(a)(6). The Trustee sought to avoid the post-petition transfer of the Transferred Money and recover it from Rabe and B&B, jointly and severally.

In October 2006, the bankruptcy court dismissed the Trustee's claims on summary judgment, holding, inter alia, that the Transferred Money was not property of the estate, because the estate was neither used to create the money nor diminished in exchange for the money. The bankruptcy court recognized

---

[2] The Trustee states that Rabe paid money directly to B&B or, alternatively, that Rabe paid money to the Debtor to pay B&B. According to the district court, the amount paid was between $35,000 and $67,000. According to the bankruptcy court, the amount was "in excess of $40,000 in cash." The agreement between the Debtor and Rabe stated as follows: "It is agreed and understood by the undersigned parties that [the Debtor] will assign one third of any claims that he has . . . in exchange for . . . Rabe advancing a sum of 15,000.00 less any amount that [the Debtor] may now owe . . . Rabe." Our holding makes resolution of these factual discrepancies unnecessary.

[3] The Trustee does not dispute that the Debtor's transferred claims were, at all times, the property of the estate.

that "Section 541(a)(6) is drafted broadly to capture any property which is created by exchange or use of property of the estate" but is not "broad enough to reach everything that changes hands simply because of property of the estate." The following month, the bankruptcy court denied a motion for rehearing.

In August 2007, the district court affirmed the bankruptcy court's summary judgment dismissing the Trustee's claims, ruling that no transfer of property had ever taken place, and thus no "proceeds . . . of or from property of the estate" under § 541(a)(6) could have been generated. The district court held that the Debtor never had any legal interest in the claims transferred to Rabe in consideration for the Transferred Money because the claims had always been property of the estate. Thus the Debtor had no legal power or authority to assign an interest in these claims to Rabe or anyone else. According to the district court, there could be "no transfer to avoid" because, as a matter of law, there had never been a transfer of estate property at all.

The Trustee timely filed a notice of appeal.

## II. Standard of Review

"In reviewing cases originating in bankruptcy, we perform the same function as did the district court: Fact findings of the bankruptcy court are reviewed under a clearly erroneous standard and issues of law are reviewed de novo."[4] Accordingly, in the instant matter, we review the grant of summary judgment by the bankruptcy court and the district court de novo.[5]

## III. Analysis

Section 541(a)(6) defines the property of a Chapter 7 bankruptcy estate to include the "[p]roceeds, product, offspring, rents, or profits of or from property

---

[4] Texas v. Soileau (In re Soileau), 488 F.3d 302, 305 (5th Cir. 2007) (internal quotation marks omitted).

[5] Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.), 208 F.3d 498, 504 (5th Cir. 2000).

of the estate." The Trustee contends that the bankruptcy court and district court erred in relying on the narrower Uniform Commercial Code (the "UCC") definition of "proceeds" instead of § 541(a)(6)'s more expansive definition. According to the Trustee, "proceeds" should be broadly construed so that the Transferred Money is categorized as property of the estate because the Transferred Money was derived "of or from property of the estate." As the Trustee argues, "but for" the Debtor's legal claims, which were unquestionably property of the estate, there would have been no Transferred Money; therefore, the Transferred Money is "proceeds" and thus property of the estate. W e agree that § 541(a)(6) is a "generous provision [that] sweeps into the bankruptcy estate all interests held by the debtor — even future, non-possessory, contingent, speculative, and derivative interests."[6] So, too, did Congress intend "proceeds" to be construed broadly, not limited to the UCC definition of "proceeds," but rather "encompassing any conversion in the form of property of the estate, and anything of value generated by property of the estate," including any interest in property generated after the commencement of the case.[7] An expansive view of what constitutes "proceeds . . . of or from property of the estate" under § 541(a)(6) serves the "overarching" Bankruptcy Code purpose of "marshal[ing] and consolidat[ing] the debtor's assets into a broadly defined estate from which, in an equitable and orderly process, the debtor's unsatisfied obligations to creditors are paid to the extent possible."[8]

We need not determine how far the § 541(a)(6) "proceeds" reach extends, however, because, as the district court stated, "the crux of this appeal is whether

---

[6] Fuentes v. Newhouse (In re McLain), 516 F.3d 301, 313 (5th Cir. 2008) (internal quotation marks omitted).

[7] Id. (internal quotation marks omitted).

[8] Andrews v. Riggs Nat'l Bank of Wash., D.C. (In re Andrews), 80 F.3d 906, 909-10 (4th Cir. 1996).

there was a transfer of estate property in the first instance," not whether Rabe's funds constitute "proceeds" of estate property.[9]   As earlier discussed, in November 2004, the Debtor tried, but failed, to exempt his state court claims from the estate.  These claims were undeniably property of the estate, not of the Debtor, when the Debtor purported to transfer an interest in them to Rabe, meaning that the Debtor assayed to deal with property with which he had no authority to deal.  In the context of Chapter 7, it is generally the prerogative of a trustee, not a debtor, to alienate property of the estate.[10]  "The Bankruptcy trustee is vested with title to all assets of the estate and becomes the representative entity."[11]  Once the Debtor failed in his attempt to exempt these claims from the estate, the "property of the estate [was] in custodia legis," and thus "administered exclusively by a specifically designated fiduciary, a trustee."[12]   The Transferred Money cannot qualify as "proceeds" of estate property because there never was a transfer of estate property.  As the transfer of an interest in those claims from the Debtor to Rabe was void ab initio, the Transferred Money could not and does not constitute "proceeds . . . of or from property of the estate" pursuant to § 541(a)(6).  The question whether the Transferred Money should have or would have been exempted from the estate if it had been received in consideration for a transfer of estate property is simply not presented here.

---

[9] The Trustee has nearly ignored this key issue in her briefs.

[10] See 11 U.S.C. §§ 323(a) and 363(b)(1).

[11] Westwood Community Two Ass'n, Inc. v. Barbee (In re Westwood Community Two Ass'n, Inc.), 266 B.R. 223, 226 (S.D. Fla. 2001).

[12] Hopkins v. Foothill Mt., Inc. (In re Hopkins), 346 B.R. 294, 303 (Bankr. E.D.N.Y. 2006); see also Green v. Kasishke (In re Kasishke), 40 B.R. 712, 714 (Bankr. N.D. Tex. 1984) (holding that, in Chapter 7 context, "the debtors had no power to transfer the property without the approval of the trustee").

## IV. Conclusion

In the context of the discrete facts of this case, the Debtor never had the legal power or authority to transfer the legal claims at issue, which were the property of the estate. Therefore, no transfer of estate property occurred, so the Transferred Money could not have been, and was not, "proceeds . . . of or from property of the estate" under § 541(a)(6). The judgment of the district court, affirming the judgment of the bankruptcy court, is AFFIRMED.