EMC MORTGAGE CORPORATION, Appellee,

v.

Robert W. ATKINSON, Jr., Appellants.

[Cite as *EMC Mtge. Corp. v. Atkinson,* 175 Ohio App.3d 571, 2008-Ohio-658.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 23834.

Decided Feb. 20, 2008.

Robert C. Folland, for appellee.

James K. Reed, for appellant.

WHITMORE, Judge.

{¶ 1} Defendant-appellant, Robert W. Atkinson Jr.[1] appeals from the judgment of the Summit County Court of Common Pleas that granted summary judgment in favor of plaintiff-appellee, EMC Mortgage Corporation ("EMC"). This court reverses.

## I

{¶ 2} On May 8, 1996, Robert Atkinson Sr. executed a mortgage agreement with United Companies Lending Corporation ("UCLC"). On April 21, 1997, UCLC sought to foreclose on the property covered by the mortgage. In response, Atkinson Sr. counterclaimed, alleging fraud, negligence, and misrepresentation. During the pendency of that action, Atkinson Sr. passed away. On March 1, 1999, UCLC filed bankruptcy, automatically staying the foreclosure action.

{¶ 3} On September 1, 1999, Atkinson Jr. ("Atkinson") filed a proof of claim against UCLC for an amount in "excess of $25,000." In that proof of claim, Atkinson alleged fraud, negligence, and misrepresentation. With that claim pending against UCLC, EMC entered into an agreement to purchase UCLC's assets for $493,750,000. Atkinson then negotiated the outstanding proof of claim with UCLC. During those negotiations, Atkinson became the legal owner of the property in question through the probate of his father's estate.

{¶ 4} On April 18, 2003, EMC filed a foreclosure complaint against Atkinson. Atkinson responded to the complaint and counterclaimed against EMC. During the pendency of EMC's foreclosure complaint, Atkinson settled his proof of claim against UCLC for $15,000 and expressly reserved his claims against EMC. Once the bankruptcy court approved the dismissal of Atkinson's proof of claim, he voluntarily withdrew his counterclaim against EMC. However, Atkinson then received leave to amend his answer and added the affirmative defenses of fraud, coercion, duress, and incapacity.

---

1. As Atkinson is the administrator of his father's estate, this opinion uses his name individually and as the representative of the estate.

{¶ 5} On January 3, 2007, EMC moved for summary judgment on its complaint and Atkinson's defenses. Specifically, EMC asserted that there was no dispute as it related to Atkinson's default under the note. Additionally, EMC argued that Atkinson's settlement of the proof of claim and the bankruptcy court's order of sale barred Atkinson's affirmative defenses. Atkinson responded in opposition to the motion, arguing that the law did not support EMC's conclusions. Thereafter, the trial court granted EMC's motion for summary judgment. Atkinson timely appealed the trial court's judgment, raising three assignments of error for review.

## II

### Assignment of Error Number One

The trial court erred as a matter of law in holding that appellant's affirmative defenses of fraud, coercion, duress and/or incapacity constituted 'claims,' and thus were barred by the 'asset purchase agreement' approved by the Delaware bankruptcy court on September 13, 2000.

### Assignment of Error Number Two

The trial court erred as a matter of law in holding that appellant's affirmative defenses of fraud, coercion, duress and/or incapacity constituted 'claims,' and thus were barred by the 'release and settlement agreement' executed on February 22, 2005.

### Assignment of Error Number Three

The trial court granting of appellee's motion for summary judgment was contrary to law, against the manifest weight of the evidence and/or [constituted] an abuse of discretion when there were [genuine] issues of material facts upon which reasonable minds could differ.

{¶ 6} In each of his assignments of error, Atkinson claims that the trial court erred when it determined that other documents precluded his affirmative defenses. We agree.

{¶ 7} This court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper if

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293, 662 N.E.2d 264. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.

{¶ 10} There is no dispute that Atkinson Sr. was in default under the mortgage agreement, having never made a payment under the note. However, Atkinson claims that the trial court improperly determined that his affirmative defenses were barred. Specifically, Atkinson claims that the trial court's reliance on two documents, a settlement agreement and the bankruptcy court order of sale, was erroneous. We review both of those claims.

{¶ 11} During UCLC's bankruptcy, Atkinson filed a proof of claim alleging fraud, negligence, and misrepresentation. Atkinson settled his claim against UCLC on April 28, 2005. The settlement states as follows:

Provided, however, that this release shall not extend to EMC Mortgage Corporation as purchaser of the loan and execution of this Settlement Agreement does not in any way represent a full and final settlement as to the claims of [Atkinson] by and against EMC Mortgage Company.

The settlement continues, stating that EMC was aware of Atkinson's proof of claim prior to acquiring UCLC's assets. In the trial court, EMC asserted that enforcing this provision would result in a double recovery for Atkinson. EMC supplied no law in support of this conclusion.

{¶ 12} Upon our review, we have found no authority to support EMC's conclusion. Atkinson settled his proof of claim against the bankrupt estate for less than its claimed value. In so doing, he reserved the remainder of his claims as they related to UCLC's successor in interest, EMC. Nothing in this settle-

ment suggests that Atkinson will recover twice for the same cause of action. In fact, Atkinson dismissed his counterclaims that sought damages after his proof of claim was settled and dismissed. Atkinson's actions are indistinguishable from a case in which a plaintiff recovers damages for fraud and rescinds a fraudulent contract to eliminate continuing damages in the future. Consequently, we find nothing in Atkinson's prior settlement with UCLC that would bar his affirmative defenses in this action.

{¶ 13} During oral argument in this matter, EMC suggested that Atkinson's affirmative defenses could have been litigated in the bankruptcy action. Specifically, EMC suggested that the bankruptcy court could have handled the original foreclosure action filed by UCLC and litigated all of the issues raised by Atkinson. EMC concluded, therefore, that res judicata bars Atkinson from raising his affirmative defenses in the instant action. EMC, however, has provided no authority to support its proposition that the bankruptcy court could have resolved the foreclosure suit filed by UCLC. Consequently, this court will not create an argument on behalf of EMC to support this claim.

{¶ 14} EMC also asserted that the bankruptcy court's order of sale precludes Atkinson from raising affirmative defenses. Specifically, EMC relied on the following provision in the sale order:

> None of the EMC Parties or the Guarantor shall have any liability or responsibility with respect to any Claim against any of the Debtors or any prior owner of any Mortgage Loan or for any action, or failure to take action, except to the extent the EMC Parties or Guarantor is found to have liability as a successor under applicable law.

EMC alleged that the above provision clearly encompassed Atkinson's alleged affirmative defenses because of its broad language.

{¶ 15} The above quoted sale order was approved by the United States Bankruptcy Court for the District of Delaware. This court, therefore, is guided by the law as set forth in the Third Circuit. In an analogous matter, the Third Circuit noted that the entity purchasing the assets was attempting to "equate[ ] the affirmative defenses raised by [the debtor] to 'claims' in order to subject them to the 'free and clear' provision of section 363(f)." *Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV* (C.A.3, 2000), 209 F.3d 252, 260. The Bankruptcy Code provision at issue reads as follows:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate.

11 U.S.Code 363(f).

Moreover, the order of sale at issue read as follows:

The sale of the Acquired Assets and the assignment of the Assigned Contracts to Purchaser is made free and clear of all liens, mortgages, security interests, encumbrances, liabilities, claims, or any other interests, other than the Assumed Liabilities, whether arising before or after the Petition Date.

*Folger,* 209 F.3d at 257. The *Folger* court rejected that these two statements precluded the assertion of affirmative defenses, finding that a "claim" was not the same as a "defense." Id. at 260. EMC asserts that this holding is inapplicable because it is not relying on the Bankruptcy Code. Specifically, EMC argues that this holding is irrelevant because it is relying solely upon the language contained in the sale order. EMC contends that to the extent that the sale order is in violation of the bankruptcy code and *Folger,* Atkinson was required to challenge that order on appeal.

{¶ 16} Upon our review, we conclude that the language contained in the above provision is, at best, ambiguous with respect to Atkinson's affirmative defenses. The term "defenses" does not appear in the sale order. Rather, the sale order states only that EMC shall have no "responsibility" for UCLC's action or inaction. Because EMC's proffered interpretation would result in the sale order contravening the bankruptcy court's authority, we decline to accept it.

{¶ 17} In interpreting the sale order, we are guided by the policy espoused in *Folger.* While EMC asserts that *Folger* dealt with different affirmative defenses, namely setoff and recoupment, the *Folger* court noted as follows:

Neither the parties nor the District Court has cited a single decision which has held that a defense may be extinguished as a result of a 'free and clear' sale. Likewise, we have not found any such authority to exist.

(Emphasis omitted.) Id. at 261. Moreover, we find that the policy reasons stated by the *Folger* court apply equally to any affirmative defense.

Our holding is further supported by good policy reasons. First of all, if we were to hold that [the] contract defenses were extinguished by the section 363(f) sale, the value of the Debtors' assets purchased by Folger would be enhanced at DeMatteis' expense. *Bankruptcy law generally does not permit a debtor or an estate to assume the benefits of a contract and reject the unfavorable aspects of the same contract.* Yet, allowing the Debtors to recharacterize their contract rights as accounts receivable and sell them free and clear of the corresponding obligations yields that very result. Second, the equities do not favor Folger and the Debtors here. Folger is not an innocent party. Many of Folger's principals were also principals of the Debtors. Thus, they should have been aware of the dispute regarding the DeMatteis' construction contracts. * * * Thus, Folger should have been aware of DeMatteis' contract defenses when it established the purchase price for the Debtors'

assets. Accordingly, we do not see anything inequitable in allowing DeMatteis to raise defenses to Folger's claims of breach of contract.

(Citations omitted; emphasis added.) Id. at 264.

{¶ 18} We are confronted with similar facts. Permitting EMC to purchase UCLC's assets and preclude Atkinson's assertion of his contractual defenses would enhance the value of the assets at Atkinson's expense. Moreover, the sole evidence before the trial court indicated that EMC was aware of Atkinson's alleged defenses prior to purchasing his mortgage note. Presumably therefore, EMC factored in these defenses when formulating a purchase price. Consequently, equity does not favor EMC's proffered interpretation.

{¶ 19} Accepting EMC's interpretation would contravene the public policies detailed in *Folger* and would result in a determination that the bankruptcy court exceeded its statutory authority and contravened binding circuit court authority by ordering a sale that extinguished contractual defenses. We decline to adopt this interpretation, as we presume that the bankruptcy court acted within its authority. See, e.g., *Knaser v. Knaser* (July 5, 1991), 11th Dist. No. 90–L–15–092, 1991 WL 123058, at *3 ("where nothing appears to the contrary on the record, we must presume that the court has acted within its jurisdiction and authority"). Consequently, we conclude that the order of sale does not apply to affirmative defenses.

{¶ 20} Based upon our conclusion that defenses are not included within the order of sale, we reject EMC's contention that Atkinson should have objected to the order of sale. Nothing in the order of sale states that Atkinson's defenses would be extinguished. Moreover, his claims for relief were preserved through the filed proof of claim. Therefore, Atkinson had no legal basis for objecting to the order of sale, as it did not prejudice his rights in any manner. The *Folger* court reached a similar conclusion based on its determination that the rights at issue were not covered by the Bankruptcy Code. "Thus, whether or not DeMatteis properly failed to object to the section 363(f) sale to Folger has no bearing on whether 'any other interests' includes defenses such as recoupment and setoff." *Folger*, 209 F.3d at 261.

{¶ 21} Based upon our review, neither the settlement agreement nor the sale order bars Atkinson's affirmative defenses. The trial court, therefore, erred in granting summary judgment on those defenses.

{¶ 22} To the extent that Atkinson and EMC have requested that this court review the merits of the affirmative defenses, we find that it would be improper to do so without first permitting the trial court to review those merits. *J.F. v. D.B.*, 116 Ohio St.3d 363, 2007-Ohio-6750, 879 N.E.2d 740 (reversing the appellate

court's award of damages when the trial court had dismissed a breach-of-contract action without reviewing its merits).

{¶ 23} Atkinson's assignments of error have merit.

## III

{¶ 24} Atkinson's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

CARR, P.J., concurs.

SLABY, J., concurs in judgment only.

SLABY, J., concurring.

{¶ 25} I concur in judgment only. While I agree with the majority's determination that summary judgment was improperly granted, I would find that a genuine issue of material fact exists as to whether appellant's affirmative defenses were extinguished by either the bankruptcy order or the settlement agreement. I do not believe it is necessary to determine as a matter of law that the affirmative defenses were not extinguished. Appellant's brief in opposition to appellee's motion for summary judgment demonstrated a genuine issue of material fact with respect to his affirmative defenses sufficient to meet his Civ.R. 56 burden and to avoid summary judgment.