******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# U.S. BANK, NATIONAL ASSOCIATION, TRUSTEE
## *v.* MARGIT MADISON ET AL.
### (SC 20493)

Robinson, C. J., and McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

*Syllabus*

The defendant appealed from the judgment of strict foreclosure rendered
by the trial court following the termination of a stay in the defendant's
bankruptcy case. The trial court had ruled that the defendant lacked
standing to raise a defense in the foreclosure action that she failed to
identify as an asset of the estate in the schedule of assets that she
filed in her bankruptcy case, which was being adjudicated while the
foreclosure action was pending. The Appellate Court agreed with the
trial court's ruling and affirmed the judgment of strict foreclosure. The
defendant, on the granting of certification, appealed to this court, claim-
ing that the Appellate Court improperly treated a defense to a foreclosure
action as being the same as claims and counterclaims, which, under the
United States Bankruptcy Code, are property of the bankruptcy estate
that must be disclosed. *Held* that the defendant's appeal was dismissed
on the ground that certification was improvidently granted, this court
having determined, after examining the record and considering the par-
ties' briefs and arguments, that there was no useful purpose in answering
the certified question, the practical import of which was not apparent:
the defendant's claim on appeal failed to characterize the Appellate
Court's holding properly and to address the applicable legal issues, the
parties' focus on whether the case law regarding nondisclosed claims
and counterclaims in bankruptcy actions applied to nondisclosed
defenses provided no useful guidance to this court on how to address
the issues that arose from the Appellate Court's decision, and the parties
failed to address whether a defense to a foreclosure proceeding is prop-
erty under Connecticut law, whether the Appellate Court correctly con-
cluded that, to the extent such a defense was not property, the defen-
dant's failure to disclose constituted a misrepresentation of the
property's value, and what remedy should follow from such a misrepre-
sentation; moreover, because it dismissed the defendant's appeal, this
court took no position as to the correctness of the Appellate Court's deci-
sion.

Argued October 18, 2021—officially released January 18, 2022*

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant, and for other relief,
brought to the Superior Court in the judicial district of
New Haven, where the defendant Eric Demander, Jr.,
was defaulted for failure to appear; thereafter, the court,
*Spader, J.*, granted the plaintiff's motion for summary
judgment as to liability; subsequently, the court granted
the plaintiff's motion for judgment of strict foreclosure
and rendered judgment thereon; thereafter, following
the termination of the named defendant's bankruptcy
stay, the court, *Hon. Anthony V. Avallone*, judge trial
referee, granted the plaintiff's motion to reenter the
judgment and, exercising the powers of the Superior
Court, rendered judgment of strict foreclosure, from
which the named defendant appealed to the Appellate
Court, *Keller, Elgo* and *Bright, Js.*, which affirmed the
trial court's judgment, and the named defendant, on the
granting of certification, appealed to this court. *Appeal*

*dismissed.*

*Earle Giovanniello*, for the appellant (named defendant).

*Karl S. Myers*, pro hac vice, with whom was *Christa A. Menge*, for the appellee (plaintiff).

*Opinion*

D'AURIA, J. The named defendant, Margit Madison (defendant), appeals, upon our grant of her petition for certification,[1] from the judgment of the Appellate Court affirming the trial court's latest judgment of strict foreclosure in favor of the plaintiff, U.S. Bank, National Association, as Trustee for MASTR Adjustable Rate Mortgage Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1. The trial court had reentered judgment of strict foreclosure following the termination of the defendant's bankruptcy stay. In this court, the defendant challenges the Appellate Court's conclusion that the trial court properly ruled that she lacked standing in this foreclosure action to raise a defense that she had failed to identify as an asset of the bankruptcy estate in the schedule of assets she filed in her chapter 7 bankruptcy case, adjudicated while the foreclosure case was pending. The defendant argues more specifically that the Appellate Court improperly treated a defense to a foreclosure action as the same as claims and counterclaims, which constitute property of the estate under the United States Bankruptcy Code and, thus, must be disclosed.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted. Essentially, we can see no useful purpose in answering the certified question, which the practical import of answering is not apparent to us. Specifically, the claim on appeal not only fails to characterize the Appellate Court's holding properly but also fails to address the applicable legal issues. Contrary to the defendant's argument, the Appellate Court did not hold that a defense is equivalent to a claim or counterclaim and that it thus constitutes property of the estate that must be disclosed during a bankruptcy proceeding or otherwise remains property of the estate, thereby depriving the debtor of standing postbankruptcy. See *Assn. Resources, Inc.* v. *Wall*, 298 Conn. 145, 164–65, 2 A.3d 873 (2010) (discussing this rule in relation to nondisclosed claims). Although the Appellate Court discussed that issue, it ultimately held that the defendant's failure to disclose either in schedule A/B or schedule D that she disputed the plaintiff's claim, which was secured by the real property at issue, constituted a misrepresentation of the value of the real property: namely, that the defendant had no equity in the real property, a defense that clearly was an asset she was required to disclose. *U.S. Bank, National Assn.* v. *Madison*, 196 Conn. App. 267, 275–78, 229 A.3d 1104 (2020). The Appellate Court reasoned that to allow her to now raise this defense to the foreclosure action "would encourage selective disclosure by debtors and create an end run around the carefully crafted bankruptcy

system, whereby a defendant could recoup an asset, the value of which inaccurately was disclosed to the trustee." Id., 278.

Before this court, the parties do not address the Appellate Court's analysis. Rather, both parties focus on whether the case law regarding nondisclosed claims and counterclaims in bankruptcy actions applies to non-disclosed defenses. As a result, the parties provide no useful guidance to this court on how to address the various issues that arise from the Appellate Court's decision. Most prominent, the scope of what constitutes property for Bankruptcy Court purposes is governed by state law. See, e.g., *In re Croft*, 737 F.3d 372, 374 (5th Cir. 2013 ("a debtor's property rights are determined by state law, while federal bankruptcy law applies to establish the extent to which those rights are property of the estate"). The parties fail to address whether, even if a defense does not fall within the scope of a claim or counterclaim; see *Folger Adam Security, Inc.* v. *DeMatteis/MacGregor JV*, 209 F.3d 252, 260 (3d Cir. 2000); *EMC Mortgage Corp.* v. *Atkinson*, 175 Ohio App. 3d 571, 575–76, 888 N.E.2d 456 (2008); a defense to a foreclosure proceeding is property under Connecticut law and thus constitutes property of the estate under the Bankruptcy Code that must be disclosed or otherwise remains property of the estate, depriving the defendant of standing to raise the defense in the foreclosure action. There is very limited case law from other jurisdictions on this issue, and what law exists is not consistent and does not provide detailed analysis. Compare *In re Gainesville Venture, Ltd.*, 159 B.R. 810, 811 (Bankr. S.D. Ohio 1993) (holding that, in chapter 11 bankruptcy, where the debtor was limited partnership, "any causes of action or defenses" belonging to limited partnership were property of estate pursuant to 11 U.S.C. § 541), with *In re Larkin*, 468 B.R. 431, 435–36 (Bankr. S.D. Fla. 2012) (debtor's defenses to foreclosure were not estate property that trustee could settle or waive).

To the extent that such a defense is not property, the parties also fail to address whether the Appellate Court correctly concluded that the defendant's failure to disclose that she disputed the plaintiff's claim, secured by the real property at issue, constituted a misrepresentation of the real property's value, and, if so, what remedy should properly follow from such a misrepresentation. Our research indicates that this issue appears to arise infrequently, although a few courts have held that a debtor's failure to disclose that a claim secured by property is disputed may constitute a misrepresentation of the property's value if the defense may affect the value or equity of the property. See *Financial Federal Credit, Inc.* v. *Smith*, Docket No. CIV.A. H-04-4293, 2005 WL 2121556, *5 (S.D. Tex. August 31, 2005); *Wells Fargo Bank, N.A.* v. *Cavaliere*, Docket No. 19-P-329, 2020 WL 5823807, *2 (Mass. App. October

1, 2020) (decision without published opinion, 98 Mass. App. 1111, 155 N.E.3d 764). Cases we have identified are inconsistent on this point, however, and have provided limited analysis regarding what remedy to apply in such cases, with some courts holding that a debtor lacks standing to raise any defense; *MidFirst Bank* v. *Brooks*, Docket No. 2008-UP-196, 2008 WL 9841165, *3 (S.C. App. March 20, 2008); and other courts holding that various equitable doctrines, such as judicial estoppel or res judicata, bar the debtor from attempting to alter the value of disclosed property postbankruptcy. See, e.g., *Bone* v. *Taco Bell of America, LLC*, 956 F. Supp. 2d 872, 880–86 (W.D. Tenn. 2013); *Caplener* v. *U.S. National Bank of Oregon*, 317 Or. 506, 519–20, 857 P.2d 830 (1993); cf. *Thompson* v. *Orcutt*, 257 Conn. 301, 310–18, 777 A.2d 670 (2001) (discussing application in foreclosure proceeding of unclean hands doctrine in connection with alleged bankruptcy fraud). As a result, it is unclear—and the parties have not addressed whether the trial court in the present case properly held that the defendant lacked standing to raise a defense in this foreclosure action—whether both the trial court and the Appellate Court reached the right result, barring the defense, but pursuant to the wrong doctrine, or whether some other outcome may have been appropriate under the applicable legal principles.

Perhaps in a future case that raises these issues, we will have an opportunity to clarify this area of the law. We can discern no useful purpose in reviewing this case further, however. In light of this, we dismiss this appeal and "take no position as to the correctness of the Appellate Court's opinion." *State* v. *Carter*, 320 Conn. 564, 567, 132 A.3d 729 (2016).

The appeal is dismissed.

In this opinion the other justices concurred.

* January 18, 2022, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court correctly conclude that the defendant did not have standing in a foreclosure action to raise a defense that she had failed to identify as an asset of the bankruptcy estate in the schedule of assets filed in her chapter 7 bankruptcy case adjudicated while the foreclosure case was pending?" *U.S. Bank National Assn.* v. *Madison*, 335 Conn. 941, 237 A.3d 2 (2020).